IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JONATHAN HARRIS WATSON § | |
| TDCJ-CID NO. 1760327 § | |
| v. § | C.A. NO. C-12-349 |
| § | |
| RICK THALER § | |

**OPINION AND ORDER DENYING MOTION TO AMEND PETITION**

Petitioner is a state prisoner currently incarcerated at the Hughes Unit in Gatesville, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging three prison disciplinary convictions. (D.E. 1). Pending is Petitioner's motion for leave to file an amended petition. (D.E. 36). For the reasons stated herein, Petitioner's motion is denied.

**I. BACKGROUND**

Petitioner seeks habeas relief based on three prison disciplinary convictions, including disciplinary cases number 20120208721 ("Case 1"); number 20120255256 ("Case 2"); and number 20120268346 ("Case 3").

In Case 1, Petitioner was charged with possessing unauthorized drugs, including divatrox, nortriptyne, ibuprofen, as well as twenty unknown white capsules. (D.E. 17-2, at 3-4). He received notice of the charges on April 2, 2012. Id. A disciplinary hearing was held on April 4, 2012, at which he pleaded not guilty. Id. The Disciplinary Hearing Officer ("DHO") entered a finding of guilt and issued sanctions including the loss of thirty days of recreation privileges, thirty days of commissary privileges and one day of good-time credit, as well as a reprimand. Id. On April 6, 2012, Petitioner appealed the conviction by submitting a Step 1 grievance. (D.E. 17-1, at 3-4). It was denied on April 29, 2012. Id. In addition, he filed two other Step 1 grievances

that were both returned as redundant based on his initial grievance. Id. at 5-8. On May 2, 2012, Petitioner filed a Step 2 grievance appealing the denial of his first Step 1 grievance. Id. at 9-10. The Step 2 grievance was denied on June 21, 2012. Id.

In Case 2, Petitioner was charged with being out of place. (D.E. 17-6, at 3). He received notice of the charge on May 17, 2012. Id. After waiving his right to twenty-four hour notice, a disciplinary hearing was held the next day on May 18, 2012. Id. Petitioner pleaded not guilty. Id. He was found guilty by the DHO and received punishment consisting of the loss of forty-five days of recreation privileges, forty-five days of commissary privileges, and thirty days of good-time credit. Id. He also received a reprimand. Id. Petitioner filed a Step 1 grievance appealing his conviction on May 22, 2012. (D.E. 17-5, at 3-4). It was denied on June 12, 2012. Id. On June 27, 2012, he filed a corresponding Step 2 grievance, which was denied on August 14, 2012. Id. at 5-6.

In Case 3, Petitioner was charged with using an indecent or vulgar gesture in the presence of, or directed at, an employee or any person who is not an inmate. (D.E. 17-4, at 3-4). He received notice of the charge on June 1, 2012, and a hearing was held on June 4, 2012. Id. at 3. After pleading not guilty, he was convicted by the DHO who assessed punishment as the loss of forty-five days of recreation privileges and forty-five days of commissary privileges, as well as a reduction in line class status from L1 to L2. Id. On June 6, 2012, Petitioner appealed his conviction by submitting a Step 1 grievance. (D.E. 17-3, at 3-4). It was returned to him that same day because it was "inappropriate." Id. He filed a second Step 1 grievance on June 14, 2012, which was denied on July 12, 2012. Id. at 5-6. Petitioner did not submit a Step 2 grievance.

Petitioner filed this habeas petition on October 25, 2012, challenging his disciplinary convictions, alleging that: (1) in Case 1, the DHO violated prison rules and procedures by interfering with the recording of the disciplinary hearing; (2) in Case 2, the DHO was impermissibly biased, his due process rights against double jeopardy were violated, and he was not permitted to introduce certain evidence at the hearing; and (3) in Case 3, he was denied an opportunity to put forth evidence because his appointed counsel impermissibly waived his right to do so. (D.E. 1, at 6-7). Respondent filed a motion for summary judgment on February 13, 2013. (D.E. 16). On March 27, 2013, a memorandum and recommendation was issued recommending that the petition be dismissed. (D.E. 27).

## II. DISCUSSION

Petitioner asserts that he needs to file an amended petition to correct deficiencies in his original petition. (D.E. 36, at 1). He attaches a lengthy amended petition with his pending motion. (D.E. 36-1).

A.  **Standard Of Review For Leave To File An Amended Petition.**

The Federal Rules of Civil Procedure provide that "[a] party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation

omitted); Little v. Liquid Air. Corp., 952 F.2d 841, 846 (5th Cir. 1992) (citations omitted). The granting of such leave is not automatic. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A July 1981) (citing Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam)). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, the "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Stripling v. Jordan Prod. Co., 234 F.3d 863, 872-73 (5th Cir. 2000) (amendment should be denied if futile).

An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." Stripling, 234 F.3d at 873 (citations omitted). The same standard applies in this context as in that of motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); id. Consequently, when the Supreme Court revisited the standard for Rule 12(b)(6), it also revisited the standard for futility in motions to amend. See Fenghui Fan v. Brewer, No. 09-20430, 2010 WL 1811878, at *1 (5th Cir. May 5, 2010) (per curiam) (unpublished). In other words, the amended complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level, ... on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted) (capitalization in original). The claim to relief must be plausible, rather than just conceivable. Id. at 570.

**B.      The Motion To Amend Is Untimely.**

Petitioner filed this pending motion with the proposed petition after he received the memorandum and recommendation to dismiss his petition.  Indeed, he filed objections to that memorandum and recommendation with similar information contained in this pending motion.  This pending motion to amend his petition is untimely because it was filed not only after the Respondent's motion for summary judgment, but the issuance of a memorandum and recommendation that the petition be dismissed.  See Peters v. Lowry, 170 F.3d 183, 1999 WL 47001, at *1 (5th Cir. Jan. 20, 1999) (per curiam) (unpublished).

**C.      Petitioner's Amended Petition Is Futile Because He Has Not Exhausted Any Of His Claims.**

Petitioner seeks relief pursuant to 28 U.S.C. § 2254, and was therefore required to exhaust all of his claims in state court before filing this federal habeas petition.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842-48 (1999); Fisher, 169 F.3d at 302 (citation omitted).  However, Texas courts do not hear appeals of prison disciplinary proceedings.  Ex parte Palomo, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc); Ex parte Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1985) (en banc), dicta disavowed on other grounds by Ex parte Alexander, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993) (en banc).  Prisoners challenging these proceedings must instead complete the TDCJ-CID's administrative grievance procedure before seeking habeas relief in federal court.  Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citation omitted); Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980).

TDCJ provides a two-step procedure for presenting administrative grievances. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam). An inmate properly exhausts a claim by presenting it in Step 1 and Step 2 grievances. Morgan v. Dretke, 433 F.3d 455, 457 (5th Cir. 2005); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

Here, Petitioner did not exhaust his administrative remedies as to any of his claims. In Case 1, he filed a Step 1 grievance in which he asserted only that he did not have an opportunity to present certain evidence at his disciplinary hearing. He re-urged this same argument in his corresponding Step 2 grievance. (D.E. 17-1, at 9-10). In neither his Step 1 nor his Step 2 grievances did he mention the DHO's alleged violation of TDCJ policy or the interference with the disciplinary hearing recording. Id. at 3. Although Petitioner appears to have subsequently asserted this claim in a separate Step 1 grievance, it was dismissed as redundant. Id. at 7-8. Therefore, to the extent he sought to grieve his claim relating to Case 1, it is nevertheless unexhausted because he failed to present it in a procedurally correct manner. Castille v. Peoples, 489 U.S. 346, 351 (1989) (exhaustion requires that inmates comply with prison administrative rules). Accordingly, it is respectfully recommended that Petitioner's claim in Case 1 is unexhausted.

In Case 2, Petitioner filed a Step 1 grievance on May 22, 2012. (D.E. 17-5, at 3-4). In it, he did not discuss facts or assert claims related to the DHO's decision or the disciplinary hearing. Instead, he complained that a TDCJ employee wrongly wrote up disciplinary violations against him. Id. He submitted a Step 2 grievance on June 27, 2012, in which he explained that his disciplinary case had already been informally resolved before formal charges were brought against him. Id. at 5-6. In addition, he also indicated that a TDCJ commissary employee

submitted multiple disciplinary write-ups about him, and that the employee's conduct "puts offenders on the slippery slope of removing power from the highest ranking official on the unit who hears the infractions and comes to their own judgment when adjudicating TDCJ disciplinary cases." Id. These allegations are far removed from the claims for which Petitioner seeks habeas relief, including, specifically, that the DHO in Case 2 "displayed extreme bias when continuing the disciplinary proceeding and arriving at a guilty verdict after learning that a lieutenant had already heard the case and informally resolved the matter;" that this conduct resulted in "double jeopardy;" and that "the lieutenant wasn't allowed to be called as a witness" or be questioned. (D.E. 1, at 6). Moreover, even if Petitioner arguably discussed his Case 2 claims in his Step 2 grievance, he did not raise them in his corresponding Step 1 grievance as required. Accordingly, because Petitioner failed to properly grieve the claims regarding Case 2 that form the basis of his habeas petition, it is respectfully recommended that he has not exhausted his administrative remedies.

In Case 3, Petitioner filed a Step 1 grievance on June 6, 2012 complaining that a TDCJ commissary employee was retaliating against him by writing him up for multiple disciplinary violations. (D.E. 17-3, at 3). However, this grievance was returned as "inappropriate," id., presumably because Petitioner had requested that TDCJ pursue a disciplinary case against another TDCJ employee. See TDCJ, Offender Orientation Handbook, 53-54 (inmate grievance may be returned as inappropriate if inmate requests that "any form of disciplinary action [be taken [against staff"), available at, http://www.tdcj.state.tx.us/documents/Offender_Orientation _Handbook_English.pdf. On June 14, 2012, Petitioner submitted a second Step 1 grievance re-asserting his retaliation claim. (D.E. 17-3, at 5-6). It was denied on July 12, 2012. Id. Neither

7

of Petitioner's Step 1 grievances alleged facts or claims similar to those for which he seeks habeas relief. Moreover, Petitioner did not file a corresponding Step 2 grievance.

Finally, it would be futile for Petitioner to file additional grievances in order to exhaust his state remedies at this point because those claims would be dismissed as untimely. See TDCJ, Offender Orientation Handbook, at 52 (inmates have fifteen days from date of incident to file a Step 1 grievance, and, upon return of Step 1 grievance, an additional fifteen days to file a corresponding Step 2 grievance). Therefore, absent a showing of good cause or prejudice, Petitioner's unexhausted claims are procedurally defaulted. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (explaining that when "a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" the claims are procedurally defaulted) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)); Morris v. Dretke, 413 F.3d 484, 491-92 (5th Cir. 2005) (explaining that habeas relief may be granted upon showing of "cause for defaults and actual prejudice," or "that 'failure to consider the claims will result in a fundamental miscarriage of justice.'") (citations omitted).

Thus, Petitioner's proposed amended petition does not establish that he properly exhausted his administrative remedies. These claims are all procedurally defaulted. Consequently, it would be futile to amend the petition.[1]

---

[1] Additionally, an amended petition regarding Case 3 would be futile because that claim does not invoke a constitutionally protected right. Specifically, he did not lose any good-time credit. (D.E. 27, at 10-11). Petitioner ignores this fact in his proposed amended petition. (D.E. 36-1, at 16).

### III. CONCLUSION

Based on the foregoing reasons, Petitioner's motion for leave to file an amended petition, (D.E. 36), is hereby denied.

ORDERED this 19th day of April 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE