UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JONATHAN HARRIS WATSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-349 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Respondents. | § | |

## ORDER TO EXPAND THE RECORD

On May 17, 2013, United States District Judge Nelva Gonzales Ramos denied Respondent's Motion for Summary Judgment without prejudice and referred this action to the undersigned Magistrate Judge for evaluation and further proceedings. (D.E. 40, 41).

After considering the documents and evidence in this case, this court is not satisfied that the record is sufficient. Specifically, Petitioner was disciplined for possessing unauthorized drugs despite his claims that the medications were either prescribed by TDCJ medical personnel or otherwise lawfully purchased at the facility commissary. (D.E. 26, p. 3). TDCJ has not addressed whether Petitioner was prescribed the pills at issue or whether any were over-the-counter medications available at the facility commissary. Further, Petitioner was disciplined for being "out of place" based on the allegation that Petitioner went to the commissary at an unauthorized time in

violation of TDCJ rules.  (D.E. 26, p.5).  Respondent has not addressed Petitioner's claim that he had permission from Lieutenant Gutierrez to be at the commissary at the relevant time.

Rule 7(a) of the rules governing § 2254 cases, 28 U.S.C. § 2254, indicates that if a habeas petition is not summarily dismissed, the judge "may direct the record be expanded by the parties by the inclusion of additional material relevant to the determination of the merits of the petition." "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Habeas Rule 7(b). The purpose of Rule 7 "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing." 28 U.S.C. § 2254 (Rule 7, advisory committee notes).

The court may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing.  *Blackledge v. Allison,* 431 U.S. 63, 81-82, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  The decision of whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court. *See Ford v. Seabold,* 841 F.2d 677, 691 (6th Cir.1988).

Therefore, the Court orders counsel for Respondents to submit **on or before June 3, 2013**, the following:

1.  An affidavit from a healthcare provider with knowledge of Petitioner's medical records and treatment, addressing whether Petitioner had a prescription or other medical authorization to possess the pills that formed the basis for Disciplinary Case Number 20120255256.  The portion of Petitioner's medical records supporting the affidavit shall be attached as an exhibit and the entire affidavit, with attachments, shall be filed under seal.

2.  An affidavit from TDCJ Lieutenant Gutierrez addressing the matters in Disciplinary Case Number 20120255256, specifically whether he granted Petitioner permission to go to the commissary at the time alleged in the disciplinary proceeding.

3.  Petitioner and Respondents may submit any other evidence of matters they deem necessary to clarify the facts made the basis of this action on or before the date set out above.

SIGNED this 20th day of May, 2013.

                                                                                                                  _____
                                                                                                                  Jason B. Libby
                                                                                    United States Magistrate Judge