UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JONATHAN HARRIS WATSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-349 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Respondents. | § | |

# **ORDER**

Petitioner is a state prisoner currently incarcerated at the Hughes Unit in Gatesville, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging three disciplinary convictions. Pending is "Petitioner's Motion For Referral Of His Request For Section 2254 Rule 7c Relief To The District Court Judge (Or For Counsel Appointment, Or Section 2250 Copies of the Record)." (D.E. 59).  Petitioner's Motion is DENIED for the reasons stated below.

This action was referred the undersigned Magistrate Judge pursuant to Special Order C-2013-01 for ruling on all non-dispositive motions and making recommendations on dispositive motions consistent with 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The District Court also specifically referred these matters to the undersigned when he replaced the previous magistrate judge.  Therefore, Petitioner's motion is properly before this Court. Petitioner's motion to refer this case to the District Court for rulings on non-dispositive motions is DENIED.

The Court previously ordered the record expanded and further ordered Respondent to provide Petitioner with the additional material. (D.E. 43, 54). Respondent has provided Petitioner with the additional materials in accordance with this Court's order. (D.E. 57). Petitioner is not otherwise entitled to discovery. *See Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000)(A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause."). To the extent Petitioner is re-urging his previously denied motions for discovery (D.E. 54, 58) his motion is DENIED.

Finally, Petitioner requests the Court to appoint counsel. There is no constitutional right to counsel in federal habeas proceedings. *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing. Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. *See* Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n.1 (5th Cir. 1995). Therefore, Petitioner's motion for the appointment of counsel is DENIED without prejudice.

ORDERED this 23rd day of July, 2013.

_____
Jason B. Libby
United States Magistrate Judge