UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JONATHAN HARRIS WATSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-349 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Respondents. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

Pending before the Court are Petitioner Jonathan Harris Watson's motion for summary judgment (D.E. 66) and Respondent William Stephens' motion for summary judgment (D.E. 69), to which Petitioner has responded (D.E. 70). On January 21, 2014, Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation to Grant Respondent's Motion for Summary Judgment (M&R) (D.E. 71), recommending that Respondent's motion be granted and Petitioner's motion be denied. The M&R also recommends that Petitioner be denied a Certificate of Appealability. Petitioner filed his timely objections to the M&R on February 7, 2014 (D.E. 75).[1]

**I. Legal Standard**

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. FED. R. CIV. P. 72(b).

---

1. Petitioner certified that he delivered his objections to prison authorities on February 7, 2014. D.E. 75 at 5. Under the "mailbox rule," the date of filing for pro se prisoners is the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998).

The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.*

## II. Analysis

Petitioner first objects to the M&R on the grounds that he responded to Respondent's motion for summary judgment, but the M&R "did not mention [it] at all." D.E. 75 at 2.[2] According to Petitioner, because the M&R was not based on the record as a whole, it should not be followed. A review of the M&R shows that it did acknowledge Petitioner's November 29, 2013 response to Respondent's motion for summary judgment. D.E. 71 at 4. The M&R also discussed the arguments raised in Petitioner's own motion for summary judgment. *Id.* at 4–5. The M&R was not required to address every duplicative and/or nonmeritorious argument raised in Petitioner's response. Petitioner's first objection is therefore **OVERRULED**.

Petitioner further objects to the M&R on the grounds that he has been "denied ALL opportunity" to present facts essential to oppose Respondent's motion for summary judgment because he has been denied access to the TDCJ disciplinary proceeding documents and audio CD evidence. D.E. 75 at 2 (emphasis in original). The Court first notes that this objection does not address any specific proposed finding or recommendation contained in the M&R. Furthermore, as set forth in the Court's August 15, 2013 Order denying Petitioner's request for clarification, Petitioner previously requested certain discovery in at least seven separate motions, and he has been provided

---

2. Petitioner also complains that the M&R ignored his March 27, 2013 response (D.E. 26) to Respondent's first motion for summary judgment (D.E. 16). That motion was previously denied and is no longer pending before the Court. D.E. 40.

2 / 3

all of the discovery to which he is entitled. D.E. 62. Petitioner's second objection is therefore **OVERRULED**.

### III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections and all other relevant documents in the record, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 69) is **GRANTED** and Petitioner's motion for summary judgment (D.E. 66) is **DENIED**.

Petitioner is also **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

ORDERED this 19th day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE